**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
SARA D. COPE
Nevada Bar No. 10329
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND, *et al*, <br><br> Plaintiffs, <br><br> vs. <br><br> KDK McKEE FLOORING, LLC, *et al*, <br><br> Defendants. | CASE NO.: 2:11-cv-01030-KJD-PAL <br><br> **JUDGMENT BY CONFESSION** <br><br> DATE: N/A <br><br> TIME: N/A |

Pursuant to the express Stipulation and Consent for Entry of Judgment by Confession ("Stipulation"), it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Plaintiffs, Trustees the Employee Painters' Trust Health & Welfare Fund, International Union of Painters and Allied Trades Industry Pension Fund, Floorcoverers Joint Committee, Southern Nevada Floorcoverers Training Trust, Painters Organizing Fund, Finishing Trades Institute and the Painters and Allied Trades Labor-Management Cooperation Initiative (collectively "Plaintiffs" or "Funds"), acting by and through their attorneys, Christensen James & Martin, shall take Judgment by Confession ("Judgment") against Defendants KDK McKee Flooring, LLC ("KDK") and Kevin McKee ("McKee"), individually (collectively "Defendants"), for the sum of One Hundred Two Thousand Nine Hundred Sixty Seven and 61/100 Dollars ($102,967.61) ("Judgment Amount"), which sum includes unpaid contributions, reduced interest and reduced attorney's fees and costs. Interest shall accrue on the Judgment Amount at the rate of three percent (3%) per annum.

2. The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under

the terms of collectively bargained labor agreements ("Labor Agreements") between CFI and the International Union of Painters and Allied Trades, District Council 15, Local 159 ("Union") and KDK and the Union. This Judgment includes settlement of all known claims by Plaintiffs for fringe benefit contributions for work performed during the period January 1, 2008 through September 30, 2011 with regard to Custom Floors, Inc. and June 1, 2010 through September 30, 2011 with regard to KDK McKee Flooring, LLC (collectively "Audit Periods"), plus reduced interest, reduced attorney's fees and costs.

3. This Judgment is not intended to, and it does not, resolve, address or secure claims that are as yet unknown to the Funds, including any claims that may later be revealed by Audit. The Funds specifically reserve all Audit rights.

4. The Judgment Amount, including interest on the declining Judgment balance and any after-accruing amounts, shall be paid by Defendants through thirty-six (36) monthly installments in the amount of $2,994.42 each, commencing on or before April 15, 2012 and on the fifteenth (15th) day of each month thereafter. A table showing each payment number, due dates and payment amounts (including principal and interest) is attached hereto as **Exhibit 1**. Subject only to the Defendants' right to cure under Paragraph 11, the final payment of all unpaid portions of the Judgment Amount, in the scheduled amount of $2,994.55 (which includes interest scheduled to accrue), shall be increased to include any after-accruing attorney's fees incurred by Plaintiffs relating to this Judgment for collection of the amounts referenced herein, and shall be paid by the Defendants to Plaintiffs on or before March 15, 2015.

5. Upon Plaintiffs' timely receipt and negotiation of payment of all amounts set forth in Paragraph 4 above, this obligation will have been satisfied and the total amount of Twenty Thousand One Hundred Sixty Eight and 23/100 Dollars ($20,168.23) incurred for attorney's fees and costs shall be waived ("Conditional Attorney's Fees Waiver"). However, upon Defendants' failure to perform any obligation under this Judgment, including, but not limited to, timely payment of the amounts set forth in Paragraph 4 and payment of recurring monthly fringe benefit contributions as described in Paragraph 8, the Conditional Attorney's Fees Waiver shall be deemed revoked and the Defendants shall be obligated to pay such amount to the Funds, plus

-4-

interest accrued thereon, at the rate of three percent (3%) per annum, through six (6) monthly installments, due on the 15th day of each month, the first of which would be due on April 15, 2015, and the last of which would be due on or before September 15, 2015, as follows:

    a.    Payments Thirty-Seven (37) through Forty-Two (42) shall be remitted to the Funds in the amount of $3,700.00 each, commencing on or before April 15, 2015 and on the fifteenth (15th) day of each month thereafter;

    b.    Payment Forty-Two (42) shall be remitted to the Funds in the amount of $3,700.00 on or before September 15, 2015.

A table showing each payment number, due dates and payment amounts (including principal and interest) is attached hereto as **Exhibit 2**.

6. Upon Plaintiffs' timely receipt and negotiation of payment of all amounts set forth in Paragraphs 4 and 5 above, this obligation will have been satisfied and the total amount of Seventeen Thousand Eighty Three and 51/100 Dollars ($17,083.51), comprised of liquidated damages and interest ("Conditional Damages Waiver") shall be waived. However, upon Defendants' default and failure to cure any obligation for performance due under this Judgment, the Conditional Damages Waiver shall be deemed revoked, and the Judgment Amount shall be increased by such amount, plus interest accrued thereon, at the rate of three percent (3%) per annum, and Plaintiffs shall have the unconditional and immediate right to file and execute upon the Judgment for whatever amount then remains due and owing, as more fully described in Paragraph 11.

7. The payments toward the Judgment Amount required herein shall be made payable to "Painters' Joint Trust Funds" and shall be remitted to Plaintiffs' attorneys, Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as the Defendants are notified in writing. Should any of Defendants' payments be returned for insufficient funds, all subsequent payments shall be made using cashier's checks or money orders.

8. In addition to paying the Judgment Amount as required by the foregoing terms, the Defendants shall timely pay all contributions that fall due while any portion of the Judgment

-5-

Amount remains unpaid (i.e., for hours worked by Defendants' covered employees while the Judgment Amount is being paid). The Defendants shall remit monthly reports to the Funds listing hours worked by its covered employees, and shall submit a check to the Funds to pay contributions owed for such hours. The reports and payments shall be delivered to the Plaintiffs or their designee(s) on or before the 15th day of the month following the calendar month in which the covered hours of work listed on the reports are performed.

9. The following potential claims are reserved by the Funds: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Funds for additional contributions and related damages that may be due and owing to the Funds pursuant to the provisions of any collective bargaining agreement to which Defendants may be bound that requires the payment of contributions to the Funds; (ii) the obligation of the Defendants or any trade or business under common control of Defendants (to the extent Defendants or any trade or business under common control with Defendants has any obligation) to pay, and the rights of the Funds to assess and collect, withdrawal liability pursuant to 29 USC § 1381 et. seq. (including the use of Defendants' contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by audit for any period.

10. The Defendants shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring a prepayment penalty. However, interest will continue to accrue on any amount that remains unpaid.

11. Should the Defendants fail to satisfy any of the conditions in this Judgment: (i) the Conditional Attorney's Fees Waiver will be revoked, the Judgment Amount shall be increased in an amount equal thereto and the Defendants shall be obligated to pay such amount to the Funds, plus interest accrued thereon as more fully described in Paragraph 4 above; (ii) a written Notice of Default shall immediately be delivered to KDK McKee Flooring, LLC, c/o Kevin McKee, at 9101 W. Sahara Avenue, #105-H25, Las Vegas, NV 89117, and Defendants' attorneys, Gordon & Rees, LLP, c/o Jon M. Ludwig, Esq., 3770 Howard Hughes Parkway, Ste 100, Las Vegas, NV 89169. If the Defendants thereafter fail to make the required payment(s) or

otherwise fail to comply with the conditions of such paragraphs within five (5) days of the date of such Notice, the Conditional Damages Waiver will be revoked, the Judgment Amount shall be increased in an amount equal thereto and Plaintiffs shall have the unconditional and immediate right to file and execute upon the Judgment for whatever amount then remains due and owing, including after-accruing interest, attorney's fees and costs and audit costs, without further notice to the Defendants or Order from the Court, and Plaintiffs shall also be entitled to pursue any licensing and/or surety bond issued to the Defendants for whatever amount then remains due and owing. In the event of Defendants' default and failure to cure, interest on any unpaid Judgment balance shall accrue at the rate of seven percent (7%) from the default date until paid in full.

12. Defendants shall forthwith execute and submit the following documents, as indicated, to Plaintiffs' attorney on or before April 15, 2012:

    a. the Stipulation for Entry of Judgment by Confession;

    b. this Judgment; and

    c. the Collective Bargaining Agreement executed by Kevin McKee on behalf of KDK McKee Flooring, LLC effective as of June 1, 2010.

13. Payment by the Defendants under the terms of this Judgment is secured by the execution of this Judgment by Kevin McKee, Individually. In the event of default and failure to cure, Plaintiffs shall then be entitled to payment according to the terms of said documents of any unpaid Judgment balance, plus attorney's fees and interest accrued from the default date until paid in full.

14. Execution on the Stipulation and this Judgment shall be stayed through March 15, 2015, provided that payment in full is made by the Defendants in accordance with the terms of this Judgment.

15. Upon Plaintiffs' receipt and negotiation of the payments described herein, this obligation will have been satisfied and, upon receipt of a request therefor, Plaintiffs shall deliver to the Defendants a written Release and Satisfaction of Claims. Plaintiffs' Release and Satisfaction of Claims in favor of the Defendants shall not be executed nor delivered until all of Defendants' obligations under this Judgment have been fully performed.

16. Defendants have consulted the attorney of its choice and fully understand the obligations and consequences of the Stipulation and this Judgment.

DATED and done this <u>27</u> day of <u>September</u>, 20<u>13</u>.

_____
UNITED STATES DISTRICT COURT JUDGE

CHRISTENSEN JAMES & MARTIN

By: _Sara D. Cope_
Sara D. Cope, Esq.
*Attorneys for Plaintiffs*
Date: ~~April~~ September 26, 2013 ~~2012.~~

By: _____
Kevin McKee, Individually

Date: April ____, 2012.

KDK MCKEE FLOORING, LLC

By: _____
Kevin McKee,
Its Authorized Representative

Date: April ____, 2012.

Approved as to Form and Content:

GORDON & REES, LLP

By: _____
Jon M. Ludwig
*Attorneys for Defendants*

Date: April 16th, 2012.

## OATH AND VERIFICATION

STATE OF NEVADA       )
                      : ss.
COUNTY OF CLARK       )

Kevin McKee, Individually and as the Authorized Representative of KDK McKee Flooring, LLC, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2. The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further you affiant sayeth naught.

_____
Kevin McKee, Individually and as the Authorized Representative of KDK McKee Flooring, LLC

Subscribed and Sworn before me
this ___ day of _____, 2012.

_____
Notary Public

RHONDA L. ONORATO
Notary Public State of Nevada
No. 96-4963-1
My appt. exp. Oct. 23, 2012

# EXHIBIT
# 1

### Painters v. KDK McKee Flooring - Judgment Payment Schedule - Months 1 - 36
Borrowed amount : **102,967.61**  
Payment period : **3 years**  

Frequency : **Monthly**  
Type of interest rate : **Simple interest**

| Number | Date | Interest rate | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| 0 | | | | | | 102,967.61 |
| 1 | 04/15/2012 | 3.00% | 2,994.42 | 257.42 | 2,737.00 | 100,230.61 |
| 2 | 05/15/2012 | | 2,994.42 | 250.58 | 2,743.84 | 97,486.77 |
| 3 | 06/15/2012 | | 2,994.42 | 243.72 | 2,750.70 | 94,736.07 |
| 4 | 07/15/2012 | | 2,994.42 | 236.84 | 2,757.58 | 91,978.49 |
| 5 | 08/15/2012 | | 2,994.42 | 229.95 | 2,764.47 | 89,214.02 |
| 6 | 09/15/2012 | | 2,994.42 | 223.04 | 2,771.38 | 86,442.64 |
| 7 | 10/15/2012 | | 2,994.42 | 216.11 | 2,778.31 | 83,664.33 |
| 8 | 11/15/2012 | | 2,994.42 | 209.16 | 2,785.26 | 80,879.07 |
| 9 | 12/15/2012 | | 2,994.42 | 202.20 | 2,792.22 | 78,086.85 |
| 10 | 01/15/2013 | | 2,994.42 | 195.22 | 2,799.20 | 75,287.65 |
| 11 | 02/15/2013 | | 2,994.42 | 188.22 | 2,806.20 | 72,481.45 |
| 12 | 03/15/2013 | | 2,994.42 | 181.20 | 2,813.22 | 69,668.23 |
| 13 | 04/15/2013 | | 2,994.42 | 174.17 | 2,820.25 | 66,847.98 |
| 14 | 05/15/2013 | | 2,994.42 | 167.12 | 2,827.30 | 64,020.68 |
| 15 | 06/15/2013 | | 2,994.42 | 160.05 | 2,834.37 | 61,186.31 |
| 16 | 07/15/2013 | | 2,994.42 | 152.97 | 2,841.45 | 58,344.86 |
| 17 | 08/15/2013 | | 2,994.42 | 145.86 | 2,848.56 | 55,496.30 |
| 18 | 09/15/2013 | | 2,994.42 | 138.74 | 2,855.68 | 52,640.62 |
| 19 | 10/15/2013 | | 2,994.42 | 131.60 | 2,862.82 | 49,777.80 |
| 20 | 11/15/2013 | | 2,994.42 | 124.44 | 2,869.98 | 46,907.82 |
| 21 | 12/15/2013 | | 2,994.42 | 117.27 | 2,877.15 | 44,030.67 |
| 22 | 01/15/2014 | | 2,994.42 | 110.08 | 2,884.34 | 41,146.33 |
| 23 | 02/15/2014 | | 2,994.42 | 102.87 | 2,891.55 | 38,254.78 |
| 24 | 03/15/2014 | | 2,994.42 | 95.64 | 2,898.78 | 35,356.00 |
| 25 | 04/15/2014 | | 2,994.42 | 88.39 | 2,906.03 | 32,449.97 |
| 26 | 05/15/2014 | | 2,994.42 | 81.12 | 2,913.30 | 29,536.67 |
| 27 | 06/15/2014 | | 2,994.42 | 73.84 | 2,920.58 | 26,616.09 |
| 28 | 07/15/2014 | | 2,994.42 | 66.54 | 2,927.88 | 23,688.21 |
| 29 | 08/15/2014 | | 2,994.42 | 59.22 | 2,935.20 | 20,753.01 |
| 30 | 09/15/2014 | | 2,994.42 | 51.88 | 2,942.54 | 17,810.47 |
| 31 | 10/15/2014 | | 2,994.42 | 44.53 | 2,949.89 | 14,860.58 |
| 32 | 11/15/2014 | | 2,994.42 | 37.15 | 2,957.27 | 11,903.31 |
| 33 | 12/15/2014 | | 2,994.42 | 29.76 | 2,964.66 | 8,938.65 |
| 34 | 01/15/2015 | | 2,994.42 | 22.35 | 2,972.07 | 5,966.58 |
| 35 | 02/15/2015 | | 2,994.42 | 14.92 | 2,979.50 | 2,987.08 |
| 36 | 03/15/2015 | | 2,994.55 | 7.47 | 2,987.08 | 0.00 |
| | | | 107,799.25 | 4,831.64 | 102,967.61 | |

# EXHIBIT 2

### Painters v. KDK McKee Flooring - Judgment Payment Schedule Months 37-42
Borrowed amount : **20,168.23**
Payment period : **3 years and 6 months**

Frequency : **Monthly**
Type of interest rate : **Simple Interest**

| Number | Date | Interest rate | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| 0 | | | | | | 20,168.23 |
| 1 | 04/15/2012 | 3.00% | 0.00 | 50.42 | -50.42 | 20,218.65 |
| 2 | 05/15/2012 | | 0.00 | 50.55 | -50.55 | 20,269.20 |
| 3 | 06/15/2012 | | 0.00 | 50.67 | -50.67 | 20,319.87 |
| 4 | 07/15/2012 | | 0.00 | 50.80 | -50.80 | 20,370.67 |
| 5 | 08/15/2012 | | 0.00 | 50.93 | -50.93 | 20,421.60 |
| 6 | 09/15/2012 | | 0.00 | 51.05 | -51.05 | 20,472.65 |
| 7 | 10/15/2012 | | 0.00 | 51.18 | -51.18 | 20,523.83 |
| 8 | 11/15/2012 | | 0.00 | 51.31 | -51.31 | 20,575.14 |
| 9 | 12/15/2012 | | 0.00 | 51.44 | -51.44 | 20,626.58 |
| 10 | 01/15/2013 | | 0.00 | 51.57 | -51.57 | 20,678.15 |
| 11 | 02/15/2013 | | 0.00 | 51.70 | -51.70 | 20,729.85 |
| 12 | 03/15/2013 | | 0.00 | 51.82 | -51.82 | 20,781.67 |
| 13 | 04/15/2013 | | 0.00 | 51.95 | -51.95 | 20,833.62 |
| 14 | 05/15/2013 | | 0.00 | 52.08 | -52.08 | 20,885.70 |
| 15 | 06/15/2013 | | 0.00 | 52.21 | -52.21 | 20,937.91 |
| 16 | 07/15/2013 | | 0.00 | 52.34 | -52.34 | 20,990.25 |
| 17 | 08/15/2013 | | 0.00 | 52.48 | -52.48 | 21,042.73 |
| 18 | 09/15/2013 | | 0.00 | 52.61 | -52.61 | 21,095.34 |
| 19 | 10/15/2013 | | 0.00 | 52.74 | -52.74 | 21,148.08 |
| 20 | 11/15/2013 | | 0.00 | 52.87 | -52.87 | 21,200.95 |
| 21 | 12/15/2013 | | 0.00 | 53.00 | -53.00 | 21,253.95 |
| 22 | 01/15/2014 | | 0.00 | 53.13 | -53.13 | 21,307.08 |
| 23 | 02/15/2014 | | 0.00 | 53.27 | -53.27 | 21,360.35 |
| 24 | 03/15/2014 | | 0.00 | 53.40 | -53.40 | 21,413.75 |
| 25 | 04/15/2014 | | 0.00 | 53.53 | -53.53 | 21,467.28 |
| 26 | 05/15/2014 | | 0.00 | 53.67 | -53.67 | 21,520.95 |
| 27 | 06/15/2014 | | 0.00 | 53.80 | -53.80 | 21,574.75 |
| 28 | 07/15/2014 | | 0.00 | 53.94 | -53.94 | 21,628.69 |
| 29 | 08/15/2014 | | 0.00 | 54.07 | -54.07 | 21,682.76 |
| 30 | 09/15/2014 | | 0.00 | 54.21 | -54.21 | 21,736.97 |
| 31 | 10/15/2014 | | 0.00 | 54.34 | -54.34 | 21,791.31 |
| 32 | 11/15/2014 | | 0.00 | 54.48 | -54.48 | 21,845.79 |
| 33 | 12/15/2014 | | 0.00 | 54.61 | -54.61 | 21,900.40 |
| 34 | 01/15/2015 | | 0.00 | 54.75 | -54.75 | 21,955.15 |
| 35 | 02/15/2015 | | 0.00 | 54.89 | -54.89 | 22,010.04 |
| 36 | 03/15/2015 | | 0.00 | 55.03 | -55.03 | 22,065.07 |
| 37 | 04/15/2015 | | 3,700.00 | 55.16 | 3,644.84 | 18,420.23 |
| 38 | 05/15/2015 | | 3,700.00 | 46.05 | 3,653.95 | 14,766.28 |
| 39 | 06/15/2015 | | 3,700.00 | 36.92 | 3,663.08 | 11,103.20 |
| 40 | 07/15/2015 | | 3,700.00 | 27.76 | 3,672.24 | 7,430.96 |
| 41 | 08/15/2015 | | 3,700.00 | 18.58 | 3,681.42 | 3,749.54 |
| 42 | 09/15/2015 | | 3,758.91 | 9.37 | 3,749.54 | 0.00 |
| | | | 22,258.91 | 2,090.68 | 20,168.23 | |